NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 10 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHAWN CHARLES GOFF, | No. 22-16176 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-01557-DLR |
| v. | |
| ANTHONY COLEMAN, Deputy Warden; THOMPSON, Unknown: replaced with Gerald Thompson as listed in the first amended complaint (doc. 11); KIMBLE, Unknown : current Warden; RYAN THORNELL, Director; MORRIS, Unknown; CO IV, Grievance Coordinator; GERALD THOMPSON, former Warden; CHARLES RYAN, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted July 18, 2023**

Before: SCHROEDER, RAWLINSON, and BADE, Circuit Judges.

---

      * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Arizona state prisoner Shawn Charles Goff appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging constitutional claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Jones v. Slade*, 23 F.4th 1124, 1133 (9th Cir. 2022). We affirm.

The district court properly granted summary judgment on Goff's First Amendment free exercise claim because Goff failed to raise a genuine dispute of material fact as to whether the exclusion of his sexually and/or violently explicit Wiccan religious items was reasonably related to a legitimate penological interest. *See Turner v. Safley*, 482 U.S. 78, 89 (1987) ("[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests.").

The district court properly granted summary judgment on Goff's Fourteenth Amendment equal protection claim because Goff failed to raise a genuine dispute of material fact as to whether he was discriminated against on the basis of his religion. *See Hartmann v. Cal. Dep't of Corrs. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013) (requirements for an equal protection claim).

The district court did not abuse its discretion by denying Goff's request for entry of default because defendant did not fail to plead or otherwise defend. *See* Fed. R. Civ. P. 55(a) (providing for entry of default when a defendant "has failed

22-16176

to plead or otherwise defend"); *Speiser, Krause & Madole P.C. v. Ortiz*, 271 F.3d 884, 886 (9th Cir. 2001) (setting forth standard of review).

The district court did not abuse its discretion by denying Goff's motions for discovery sanctions. *See Ingenco Holdings, LLC v. Ace Am. Ins. Co.*, 921 F.3d 803, 808, 821 (9th Cir. 2019) (setting forth standard of review and explaining that a district court has wide latitude regarding discovery sanctions).

Contrary to Goff's contention, the district court did not fail to consider Goff's claim under the Religious Land Use and Institutionalized Persons Act because no such claim was clearly alleged in the operative complaint.

The unopposed motion to substitute party (Docket Entry No. 26) is granted.

**AFFIRMED.**